# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| | § | Case No. 23-42104-EB |
| TIGHT ENDS SPORTS BAR & GRILL, LLC, | § § | Chapter 11-TXEB |
| Debtor. | § § | |
| | § | |
| SALT & PEPPER RESTAURANTS LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Adv. No. 23-03245 |
| TIGHT ENDS SPORTS BAR & GRILL, LLC and TIMOTHY DUNGAN, | § § § § | |
| Defendants. | § § § | |

**BRIEF IN SUPPORT OF MOTION TO REMAND
PURSUANT TO 28 U.S.C. § 1452; MOTION FOR MANDATORY
ABSTENTION UNDER 28 U.S.C. § 1334(c)(2); OR, IN THE ALTERNATIVE,
MOTION FOR PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334(c)(1)**

4879-0649-5889

**COMES NOW** Salt & Pepper Restaurants LLC (the "Plaintiff") and files this brief in support of its *Motion to Remand Pursuant to 28 U.S.C. Section 1452; Motion for Mandatory Abstention Under 28 U.S.C. § 1334(c)(2); or, in the Alternative, Motion for Permissive Abstention Under 28 U.S.C. § 1334(c)(1)* (the "Motion") and respectively states as follows:

## I. GENERAL BACKGROUND

1. Plaintiff filed suit against Tight Ends Sports Bar & Grill, LLC[1] (the "Debtor") and Timothy Dungan ("Dungan") on April 20, 2022, in the 56th Judicial District Court of Galveston County, Texas under Cause No. 22-cv-0675, with BankSouth also named as a garnishee (the "State Court Action").

2. Plaintiff asserted claims for breach of contract and other claims against Debtor and Dungan in the State Court Action.

3. Debtor and Dungan answered the petition and the Debtor asserted counterclaims against Plaintiff in the State Court Action. Plaintiff filed a traditional motion for partial summary judgment and a motion for summary judgment on Debtor's counterclaims. The trial court entered orders on February 7, 2023, denying both of Plaintiff's motions for summary judgment.

4. Plaintiff filed its first amended petition against Debtor and Dungan on June 1, 2023. Plaintiff filed a motion for summary judgment on Debtor's counterclaims on August 23, 2023. Plaintiff also filed a motion for summary judgment on September 18, 2023. After briefing and a hearing, the Court entered an order on September 18, 2023, granting summary judgment for Plaintiff and dismissing Debtor's counterclaims **with prejudice**. Therefore, the only remaining claims amongst the parties to proceed to trial are the Plaintiff's claims. A bench trial was scheduled to commence in the State Court Action on Plaintiff's claims against the Debtor and Dungan on

---

[1] Please note that the Debtor improperly named the Defendant in this case as Tight Ends Sports Bar & Grill, Inc. instead of its real name Tight Ends Sports Bar & Grill, LLC.

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND– PAGE 1**
4879-0649-5889

November 3, 2023, at 10:00 a.m. Counsel for Plaintiff and Defendant appeared at the scheduled trial and the trial court asked Plaintiff's counsel to proceed to trial before being advised of Debtor's bankruptcy filing.

5. Without notice, Debtor filed its petition pursuant to chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of Texas, Sherman Division on Friday, November 3, 2023, at 9:14 a.m. (the "Petition Date") under case no. 23-42104.

6. The Court in the State Court Action held multiple hearings, became intimately familiar with the facts and legal arguments of the parties, as evidenced by the Court's rulings on several motions for summary judgment. All deadlines had passed in the State Court Action and the only thing remaining was conducting the actual trial.

7. On the Petition Date, Debtor filed a notice to remove the State Court Action to the United State Bankruptcy Court for the Southern District of Texas and it was assigned adversary proceeding no. 23-03245.

8. Debtor filed its *Debtor's Code ¸1118 (c) Status Report* filed on November 28, 2023 [Docket No. 22] (the "Debtor's Status Report") that states "[T]he centerpiece of Debtor's plan is the prosecution of its claims against the landlord…" and "prosecution of the claims against the landlord, will be funded by contributions by Tim Dungan." Debtor's bankruptcy schedules show minimal assets other than purported claims against Plaintiff and only about $50,000 of creditors' claims (excluding the claim of the Plaintiff). Debtor's schedules also show no employees, no revenues and no operations.

## II.    SUMMARY

9. The removal of this adversary proceeding from Galveston County is a sham, designed to forum shop and delay the litigation to benefit Dungan (the owner of Debtor), not the

bankruptcy estate. Debtor's adversary proceeding should be remanded, or this Court should abstain from hearing it because:

    a.    This court should remand the State Court Action back to state court because all of the elements for remand pursuant to 28 U.S.C. § 1452 have been satisfied. The Debtor even acknowledges in its Debtor's Status Report that it intends to prosecute claims against the Plaintiff (even though they have already been dismissed with prejudice) and that the litigation will be funded by Dungan. The Court should remand so that the litigants can proceed to trial and judgment;

    b.    Mandatory abstention under 28 U.S.C. § 1334(c)(2) is appropriate because the State Court Action involves no core claims (with the possible exception of Plaintiff's claims against the Debtor), was filed in state court prior to the Petition Date, can be timely adjudicated in state court, and could not have been commenced in this Court absent bankruptcy jurisdiction; and/or,

    c.    Permissive abstention under 28 U.S.C. § 1334(c)(1) is appropriate because the fourteen-factor test overwhelmingly favors remand for reasons including, but not limited to, the underlying causes of action are grounded in state law, the unrelated nature of the underlying proceedings to the bankruptcy estate, extensive procedural history in state court, and comity concerns.

### III.    MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1452

10.    Removal of bankruptcy-related claims are governed by 28 U.S.C. § 1452(a), which provides that "[a] party may remove any . . . cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."[2] In this case, even though the claims asserted by Plaintiff against the Debtor may be core claims, the claims asserted by Plaintiff against Dungan involve non-debtor parties and are clearly not related to Debtor's bankruptcy case. Thus, this Court does not have jurisdiction over such claims.

---

[2] As Plaintiff and the defendants are Texas residents there is no diversity, and no federal question is invoked, therefore Debtor must rely on 28 U.S.C. § 1452(a) and § 1334(b) for jurisdiction.

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND– PAGE 3**
4879-0649-5889

11.     28 U.S.C. § 1452 allows a court to which a claim or cause of action is removed to remand such claim or cause of action on any equitable grounds. 28 U.S.C. § 1452(b). In determining whether to remand under section 1452(b), courts will consider: (1) the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the possibility of inconsistent results; (6) whether the state court is better suited to handle issues of state law; (7) the expertise of the bankruptcy court; (8) the degree of relatedness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) forum shopping; (11) burden on the bankruptcy court; and (12) comity. *In re Briseno*, 571 B.R. 214, 221 (Bankr. S.D. Tex. 2017) (citations omitted); *In re U.S. Brass Corp.*, 173 B.R. 1000, 1005 (Bankr. E.D. Tex.), modified, 176 B.R. 11 (Bankr. E.D. Tex. 1994) (citing *Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984)). Courts may also consider: (1) forum non conveniens; (2) whether the civil action has been bifurcated during removal, favoring a trial of the action in state court; (3) the inefficiencies of proceeding in two forums; and (4) each court's expertise. *In re Briseno*, 571 B.R. at 221 *(In re Ramirez*, 413 B.R. 621, 632–33 (Bankr. S.D. Tex. 2009)).

12.     Remand is appropriate regarding this matter. First, the State Court Action is already pending and ready for the parties to proceed to trial. The state court is better suited to handle the issues in the litigation because they are solely state law issues, and the expertise of a bankruptcy court is not required. The Debtor and Dungan are clearly forum shopping by filing the notice of removal, and there is no reason to further burden this Bankruptcy Court with the litigation between the parties. The parties in the State Court Action have been litigating for 1 1/2 years and were before the court ready for trial on November 3, 2023. It would be inefficient to have litigation between Plaintiff and the non-debtor Dungan in state court, claims by Plaintiff against the Debtor

in this Court. Two of the litigants are non-debtor parties, and this Court does not have jurisdiction over those parties, or the claims asserted. There is additionally a possibility of inconsistent results if a portion of the litigation goes forward in the State Court Action, and the remainder in this Court.

13. Plaintiff does not consent to the jurisdiction of this Court respecting its claims against Dungan.

14. Thus, Plaintiff requests that the Court remand the State Court Action back to state court.

### IV.   MOTION FOR MANDATORY ABSTENTION

15. "[T]he existence of bankruptcy jurisdiction under § 1334(b) is not a mandate for a bankruptcy court to exercise it." *In re Delta Petroleum Corp.*, 2013 WL 3866484, at *3 (Bankr. E.D. Tex. July 24, 2013). Courts determining whether mandatory abstention under 28 U.S.C. § 1334(c)(2) is appropriate consider the following four-part test: (1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely adjudicated in state court. *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014) (citing *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997)).

16. All four factors are met here:

> **Factor (1):** Because there is no diversity jurisdiction, and Plaintiff's amended Petition asserts only state law claims; Plaintiff's claims in the State Court Action could not have been commenced in federal court without bankruptcy jurisdiction. Plaintiff's claims against the non-debtor Dungan are between non-debtors and the Bankruptcy Court does not have core or related to jurisdiction over those claims or parties. The Bankruptcy Court does have core jurisdiction over Plaintiff's claims against the Debtor.
>
> **Factor (2):** Plaintiff's amended petition asserts only state law causes of action. Plaintiff's claims against the non-debtor Dungan are non-core and are not related to Debtor's bankruptcy case. Plaintiff's claims against the Debtor are core claims.

**Factor (3):** The State Court Action has been pending for 1 ½ years. All pre-trial deadlines had expired and literally the parties were in Court on November 3, 2023, to commence trial.

**Factor (4):** The parties were literally in court for trial on November 3, 2023, and Plaintiff was ready to commence argument and putting on evidence. Plaintiff believes that the state court will timely reset the matter for trial in the near term.

17. As such, all four parts of the test are satisfied, and the Court must mandatorily abstain from hearing this adversary proceeding and remand this suit to Galveston County.

### V.   MOTION FOR PERMISSIVE ABSTENTION

18. In the alternative, Plaintiff urges the Court to abstain from hearing the adversary proceeding under 28 U.S.C. § 1334(c)(1), the permissive abstention statute. Section 1334(c)(1) allows a bankruptcy court to abstain from hearing claims "in the interest of justice, or in the interest of comity with State courts or respect for state law." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (quoting 28 U.S.C. § 1334(c)(1)). Importantly, "[w]hen considering whether to abstain or remand under § 1334(c)(1), the balance should not be weighted in favor of exercising federal jurisdiction." *Special Value Continuation Partners, L.P. v. Jones*, Adv. No. 11-3304, 2011 WL 5593058, at *8 (Bankr. S.D. Tex. Nov. 10, 2011). Rather, permissive abstention recognizes that circumstances exist where even though a bankruptcy court has the jurisdictional authority to hear a particular case, it should decline to exercise that authority. *Id*.

19. Permissive abstention is a flexible doctrine and bankruptcy courts consider fourteen factors when deciding whether to abstain: (1) the effect on the efficient administration of the estate; (2) the degree to which state law issues predominate over bankruptcy issues; (3) the unsettled nature of applicable state law; (4) the existence of a related state court proceeding; (5) if there is any jurisdictional basis other than § 1334; (6) the degree of remoteness of the proceeding to the main bankruptcy case; (7) the substance, not form, of an asserted core proceeding; (8) the feasibility of state claim severance from core bankruptcy matters; (9) the burden on the bankruptcy

court's docket; (10) the likelihood that a party is forum shopping; (11) the existence of a right to a jury trial; (12) whether the proceeding includes non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. *See, e.g.*, *In re Hous. Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014); *Genesis Producing Co., L.P. v. Smith Big Oil Corp.*, No. H-13-3342, 2014 WL 3897831, at *3 (S.D. Tex. Aug. 8, 2014).[3]

20.     As set forth in greater detail below, the permissive abstention factors overwhelmingly favor remand because, *inter alia*, (1) the State Court Action involves exclusively issues of state law which do not affect the Debtor, or its estate property, (2) removal only favors the Debtor and Dungan and appears to have been a tactic of gamesmanship and forum shopping, (3) the only claims asserted are under state law; (4) there is no independent basis for federal jurisdiction other and potentially Plaintiff's claims against the Debtor; and (5) comity with state courts favors remand. Given the weight of these factors, in the event the Court finds it has jurisdiction, Plaintiff urges the Court to exercise permissive abstention and remand the adversary proceeding to Galveston County.

    A.    <u>Abstention Factors (1) and (12): This is a Lawsuit Between Two Non-Debtor Parties and the Debtor; The Adversary Proceeding Does Not Relate to Efficient Administration of the Estate Because Debtor Has Already Proclaimed It Wants to Litigate with Plaintiff</u>

21.     Plaintiff's claims against Dungan are non-core and not related to Debtor's bankruptcy case. Debtor has already proclaimed in the Debtor's Status Report that it intends to prosecute its claims against the Debtor. The most of efficient way to do that is for the state court to conduct the trial on Plaintiff's claims (because Debtor's claims have already been dismissed with prejudice), and Debtor and Dungan can appeal from any state court judgment if they so

---

[3] The exercise of discretion to abstain has been affirmed even where "neither the bankruptcy court nor the district court offered any rationale for abstention in its [written] judgment.". *In re Gober*, 100 F.3d 1195, 1206–07 (5th Cir. 1996).

PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND– PAGE 7
4879-0649-5889

choose, subject to applicable law. There seems to be little reason to require the Bankruptcy Court to "get up to speed" on the issues when the state court is already intimately familiar with the case.

      B.    <u>Abstention Factor (2): The Claims Asserted in the State Court Action are Solely State Law Claims</u>

22.    All of the claims and defenses asserted in the State Court Action by all of the parties are state law claims with no bankruptcy law assertions.

      C.    <u>Abstention Factor (5): Limited Jurisdictional Basis Under 28 U.S.C. § 1334</u>

23.    Plaintiff's claims against Dungan are non-core and do not relate to the bankruptcy case. Since there is a lack of diversity and no federal question, this Court does not have jurisdiction over those claims. Plaintiff's claims against the Debtor are core claims.

      D.    <u>Abstention Factors (6) and (10): The State Court Action is Only Remotely Related to the Main Bankruptcy Case and the Defendants are Clearly Forum Shopping</u>

24.    The parties were at the state court ready to proceed to trial on November 3, 2023. Debtor's removal was clearly an attempt to delay. Debtor's statements that it intends to litigate with Plaintiff is inconsistent with removal. If the defendants wanted to litigate with the Plaintiff, they had every opportunity on November 3, 2023. Defendants are obviously trying to pick a new court that they believe will be more favorable and such actions should not be sanctioned.

      E.    <u>Abstention Factors (9, 10, and 12)</u>

25.    For judicial efficiency, there seems to be little reason to burden this Court with litigating the claims raised in the State Court Action when the state court is already familiar with the issues and was ready for trial. The defendants were clearly forum shopping when it filed its bankruptcy petition and its notice of removal less than an hour prior to the commencement of trial. This is especially true when Debtor has already stated that it intends to litigate with Plaintiff.

26.    Additionally, this Court does not have jurisdiction over Plaintiff's claims against Dungan. The claims and causes of action are interrelated and it would be more efficient for the

courts, and all parties, to try them in state court in one trial, and thus eliminate the chance of the inconsistent rulings by different courts.

    F.    <u>Abstention Factor (13): Comity Favors Abstention</u>

27.    Where state courts are familiar with the case, there is no bar to handling the matter in a timely manner in state court, and the controversy is one of state law, comity favors abstention. *GITP Prop. I, Ltd. v. Mattress Pal Holding, LLC*, 2019 WL 4889603, at *3 (S.D. Tex. September 16, 2019). The state court is already familiar with this case having heard and ruled upon several motions for summary judgment, writs of garnishment and other matters. The claims asserted in the State Court Action are strictly state law claims.

## VI.    CONCLUSION

28.    Plaintiff requests that this adversary proceeding be remanded to the state court in the State Court Action.

29.    In the alternative, Plaintiff requests this Court exercise mandatory abstention under 28 U.S.C. § 1334(c)(2) or permissive abstention under 28 U.S.C. § 1334(c)(1). In the alternative, Plaintiff requests this Court exercise discretion to abstain from hearing all litigation between and among the non-debtor entities and remand all claims against Dungan.

30.    Plaintiff requests that upon remand, the Court order that prosecution of his claims in Galveston County does not violate the automatic stay.

Respectfully submitted, this 4th day of December 2023.

**GRAY REED**

By: */s/ Micheal W. Bishop*
    Micheal W. Bishop
    Texas Bar No. 02354860
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332
Email: mbishop@grayreed.com

-and-

    Preston T. Kamin
    Texas Bar No. 24062817
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
Email: pkamin@grayreed.com

*Counsel to Salt & Pepper Restaurants LLC*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on December 4, 2023, a true and correct copy of the foregoing document was served via the Court's CM/ECF filing system upon those parties who have so-subscribed, and upon the following persons via electronic mail and U.S. First Class Mail, Postage Pre-Paid (unless otherwise indicated).

Scott Seidel
Sub V Chapter Trustee
6505 West Park Blvd., Suite 306
Plano, Texas 75093
scott@scottseidel.com

John M. Vardeman
UST Office
110 N. College Avenue, Suite 300
Tyler, Texas 75702
john.m.vardeman@usdoj.gov

Jeff Carruth
Weycer, Kaplan, Pulaski & Zuber, P.C.
2608 Hibernia, Suite 105
Dallas, Texas 75024
jcarruth@wkpz.com

(Via U.S. first class mail, postage prepaid)
Timothy Dungan
5584 State Highway 121
Plano, Texas 75024

                      /s/ *Micheal W. Bishop*
                      Micheal W. Bishop