UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-42104-EB |
| TIGHT ENDS SPORTS BAR & GRILL, INC., | § | |
| | § | CHAPTER 11-TXEB |
| Debtor. | § | |
| | § | |
| SALT & PEPPER RESTAURANTS, INC. | § | |
| | § | |
| vs. | § | ADVERSARY NO. 23-04100 |
| | § | |
| TIGHT ENDS SPORTS BAR & GRILL, INC. and TIMOTHY DUNGAN, | § | |
| | § | |
| Defendants. | § | |

**BRIEF OF DEBTOR IN OPPOSITION TO MOTION TO REMAND (RE: DOCKET NOS. 5, 6)**

**TO THE HONORABLE BRENDA T. RHOADES, U.S. BANKRUPTCY JUDGE:**

Tight Ends Sports Bar & Grill, Inc., Debtor and Defendant, files this Brief in opposition to the Motion for Remand (Docket No. 5) and Brief in Support (Docket No. 6) of Plaintiff, Salt & Pepper Restaurants, Inc.("SNPR") and in support of such objection would show the Court the following.

## GENERAL BACKGROUND

1. SNPR makes much of the procedural history in the state court and the timing of certain events to seek sympathy that is irrelevant and certainly that is far from deserved. SNPR is the aggressor in this action, and it is far from the victim.

2. At its core, and as set forth in the pleadings, this action involves the deceit of SNPR in failing to disclose major road construction before executing the lease in question, which construction commenced and then crippled the restaurant.[1]

3. Procedurally, SNPR continued to prosecute this action after the Debtor's lawyer withdrew due to a health emergency and before the Debtor could obtain replacement counsel. In fact, SNPR filed a motion for summary judgment the day after receiving notice of the health emergency. Those circumstances are directly addressed in the *Motion for Reconsideration* filed by the Debtor concurrently herewith.

## EQUITABLE REMAND DOES NOT APPLY.

4. SNPR has failed to demonstrate the elements necessary for equitable remand.

5. First and foremost, SNPR has filed a proof of claim and invoked the jurisdiction of this Bankruptcy Court. *See* Proof of Claim No. 6. This is no longer simply a matter of a lawsuit pending in a state court and thus the proof of claim should moot the equitable remand and/or 28 U.S.C. §1452 question in its entirety.

6. The relatedness of this action to this bankruptcy case also argues against remand. This action, and now the proof of claim, and how the proof of claim is treated in the plan, are the core disputes in the bankruptcy case.

7. Otherwise, SNPR fails to establish that remand should occur. The Debtor responds to the factors identified or addressed by SNPR in its Brief in order.

8. The state court is not better suited than this Bankruptcy Court to adjudicate the lawsuit. No novel issues of state law are presented in this action. The timing of the trial date

---

[1] With respect to Tim Dungan, the claims of SNPR largely are based upon the disputed and suspect claim that Dungan was aware that a corporate guarantor would face future financial difficulty after executing the guaranty. Those claims are the subject of a motion for summary judgment filed by Mr. Dungan concurrently herewith and otherwise could be severed from this action.

relative to the commencement of the case is not a novel occurrence in relation to the commencement of a Chapter 11 case and should not be dispositive.

9. The bankruptcy case did not involve forum shopping. The Debtor was entitled to file bankruptcy and did so in the proper forum. SNPR has filed no motion to dismiss the bankruptcy case based upon improper forum or improper filing.

10. Efficiency does not require remand of this action. The claims involving Dugan are contingent upon the resolution of the central parts of this lawsuit involving the Debtor and SNPR. The question of whether a lease guaranty of Daystar exists at all, or any other recovery against Dungan, is dependent upon a net recovery by SNPR. Severing the claims against Dungan could occur but at this stage would serve no purpose until the central claims between SNPR and the Debtor are resolved. No possibility of inconsistent results exists if the claims of the parties are adjudicated in the logical order.

## MANDATORY ABSTENTION DOES NOT APPLY.

11. Mandatory abstention does not apply to this action. This action invokes the core jurisdiction of this Bankruptcy Court.

12. SNPR cannot meet at least one of the four elements, specifically the element with respect to the core jurisdiction of this Bankruptcy Court. Courts determining whether mandatory abstention under 28 U.S.C. § 1334(c)(2) is appropriate consider the following four-part test: (1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; ***and*** (4) the action can be timely adjudicated in state court. *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 214 (Bankr. S.D. Tex. 2014) (citing *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997)) (emphasis added); *The Cadle Co. v. Moore (In re Moore)*, 739 F.3d 724, 728–29 (5th Cir. 2014).

13. The mandatory abstention test under 28 U.S.C. §1334(c)(2) and applicable law is a conjunctive, four-part test, and movant has the burden to establish all four elements. *See In re Speedcast Int'l Ltd.*, No. 20-32243, 2022 WL 4281474, at *3 (Bankr. S.D. Tex. Sept. 15, 2022) *citing Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 239 (5th Cir. 1997).

14. SNPR cannot meet all four elements.

15. Significantly, the claims asserted by SNPR are core claims. 28 U.S.C. § 157(b)(2)(A). The lawsuit involves the allowance and disallowance of claims against the estate as asserted by SNPR in the lawsuit. *See In re Delta Petroleum Corp.*, No. 11-14006, 2013 WL 3866485, at *5 (Bankr. E.D. Tex. July 24, 2013) ("Certainly, any dispute over the allowance of a claim or involving a counterclaim against a claimant, subject to constitutional limitations, would be characterized as a core proceeding….No one can seriously dispute that the filing of a proof of claim triggers the process to restructure a debtor-creditor relationship and can alter otherwise existing rights of the creditor electing to participate in the bankruptcy process.")[2]

16. SNPR also as of January 12, 2024 filed a proof of claim in the underlying bankruptcy case. *See* Proof of Claim No. 6. Although Proof of Claim No. 6 apparently was filed through the web portal instead of ECF and was filed without attachments, Proof of Claim No. 6 mirrors the claims in this lawsuit.[3]

| Creditor: (8331882)<br>Salt & Pepper Restaurants, Inc.<br>c/o Gray Reed - Preston T Kamin<br>1300 Post Oak Blvd<br>Suite 2000<br>Houston, TX 77056<br>Amount claimed: $704342.53 | Claim No: 6<br>Original Filed Date: 01/12/2024<br>Original Entered Date: 01/12/2024 | Status:<br>Filed by: CR<br>Entered by: Preston T Kamin<br>Modified: |
|---|---|---|

---

[2] This is the second *See In re Delta Petroleum Corp.* decision, with the Westlaw citation ending in -5 (five) instead of -4 (four), as cited by SNPR.

[3] If SNPR had not filed a proof of claim, the Debtor could have filed a proof of claim for SNPR. *See* Fed. R. Bankr. P. 3004.

17. It is now necessary for the Debtor to object to Proof of Claim No. 6, which the Debtor shall do and which will additionally invoke 28 U.S.C. § 157(b)(2)(A).

18. The Debtor also possesses counterclaims against SNPR arising from the failure to disclose the pending road construction prior to executing the lease. *See* Docket No. 1-70, Exhibit GC069, *Tight Ends Sports Bar & Grill, LLC's First Amended Answer & Counterclaim*.

19. The counterclaims of the Debtor further invoke the core jurisdiction of this Bankruptcy Court. *See* 28 U.S.C. § 157(b)(2)(C).

20. SNPR is likely to argue the counterclaims of the Debtor were disposed of in the state court. However, the procedural history by which SNPR obtained such ruling is suspect and is the subject of the *Motion for Reconsideration* filed by Debtor concurrently herewith.

21. The Motion and/or Brief of SNPR also each admit that this action itself constitutes a core proceeding. *See* Brief, at, *inter alia*, Paragraph Nos. 10, 16, 23.

22. In addition, SNPR has failed to demonstrate that a timely trial can occur, especially in relation to a Chapter 11 confirmation hearing and the consummation of the plan.

23. Furthermore, in the unlikely event that the claims of SNPR are determined to not be core claims, mandatory abstention still is not available under 28 U.S.C. §157(b)(4).

> Non-core proceedings under section 157(b)(2)(B) of title 28, United States Code, shall not be subject to the mandatory abstention provisions of section 1334(c)(2).

## PERMISSIVE ABSTENTION DOES NOT APPLY.

24. SNPR also fails satisfy its burden to establish a majority of the fourteen factors arguing for permissive or discretionary abstention. *See In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr.S.D.Tex. 2014).

25. Instead, analysis of the relevant factors indicates that this Bankruptcy Court should retain this action.

26. With respect to factor 1, administration of this case and this estate would be imperiled if the respective claims of the Debtor and SNPR against one another were resolved in the state court.

    a. The resolution of the respective claims between the parties is the core of the entire bankruptcy case and should occur in one forum.

    b. According to the claims register, resolution of this action now affects or involves five other creditors beyond SNPR.

    c. It is unknown when a trial in the state court might occur, and the timing is not demonstrated by SNPR.

    d. Furthermore, the Debtor can demonstrate numerous occasions when hearings were scheduled in the state court only to be cancelled on the morning of the hearing, without prior notice, after counsel for the Debtor had travelled to Galveston County the night before. Return to the state court to liquidate the claims of the parties would be unwieldy at best.

27. With respect to factor 3, the unsettled nature of state law, state law is not unsettled.

28. With respect to factor 6, the degree of relatedness, the resolution of this action and the central parts of this lawsuit involving the Debtor and SNPR to determine which entity possess a net claim against the other constitutes the biggest issue in the entire bankruptcy case.

29. With respect to factor 8, it is not feasible to sever the respective claims of the Debtor and SNPR against one another. Similarly, the claims against Dungan are dependent upon SNPR obtaining any recovery at all; however, the claims against Dungan could be severed. Also note that Dungan is filing a motion for summary judgment against all of the claims made against him which should dispose of all such claims.

30. With respect to factor 9, the resolution of this action likely would not impose an undue burden on the docket of this Bankruptcy Court, especially considering the pleadings and discovery that have been completed to date.

31. With respect to factor 10, the bankruptcy case did not involve forum shopping. The Debtor was entitled to file bankruptcy and did so in the proper forum. SNPR has filed no motion to dismiss the bankruptcy case. Otherwise, the Debtor was without counsel due to illness before trial. The Debtor possesses counterclaims which should be used to reduce the claim of SNPR and/or recovered from SNPR to pay creditors. Filing bankruptcy just before the start of a trial is not as unheard of or as shocking as SNPR would portray. At least five other creditors are now involved in this case. Even if SNPR successfully portrays the Debtor as undertaking forum shopping, the *Motion for Reconsideration* filed by the Debtor concurrently herewith demonstrates the concern of the Debtor for the resolutions of these claims in that particular state court. Furthermore, the Debtor can demonstrate numerous occasions when hearings were scheduled in the state court only to be cancelled on the morning of the hearing, without prior notice, after counsel for the Debtor had travelled to Galveston County the night before. The State Court has also ruled inconsistent with Texas law with respect to the amount of the garnishment replevin bond to be posted by the debtor (without explanation and contrary to all of the evidence presented) and inconsistent with its own prior orders (by granting a summary judgment against the Debtor notwithstanding having just days before granted the Debtor thirty days to find new counsel).

32. With respect to factor 11, no jury trial was demanded by any of the parties below, and only a bench trial was ever contemplated. No jury trial is at issue. Jury waivers exist in the lease.

33. With respect to factor 12, the presence of non-debtor parties, Tim Dungan is a party, but his presence in this case is the subject to a motion for summary judgment filed concurrently with this objection. Otherwise, the claims against Dungan are dependent upon the

recovery sought by SNPR, and may be separately adjudicated while keeping the central parts of this lawsuit involving the Debtor and SNPR in this Bankruptcy Court. A brief glance at the motion should be more than enough to see that the claims against Dungan will not be a part of this litigation much longer.

34. With respect to factor 13, comity presents no need to abstain. There are no novel issues that present a countervailing state interest.

35. With respect to factor 14, no other parties will be prejudiced by retaining this action in this Bankruptcy Court.

## RESERVATION OF RIGHTS

36. Debtor reserves the right to amend and/or supplement this Brief prior to any hearing.

## CONCLUSION AND PRAYER

WHEREFORE, Tight Ends Sports Bar & Grill, Inc., Debtor and Defendant, respectfully request that the Court deny the Motion to Remand (Docket No. 5). Debtor respectfully requests such other and further relief to which Debtor is entitled at law or in equity.

Dated: January 15, 2024        Respectfully submitted:

WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

By: */s/ Jeff Carruth*
    JEFF CARRUTH (TX SBN:. 24001846)
    24 Greenway Plaza, Suite 2050
    Houston, Texas 77046
    Telephone: (713) 341-1158
    Fax: (713) 961-5341
    E-mail: jcarruth@wkpz.com

ATTORNEYS FOR
TIGHT ENDS SPORTS BAR & GRILL, INC.
DEFENDANT AND DEBTOR IN POSSESSION

## CERTIFICATE OF SERVICE

On January 15, 2024, I hereby certify that a true and correct copy of the foregoing was served upon all registered ECF users who have appeared in this case.

                                                */s/ Jeff Carruth*
                                                Jeff Carruth